ILND 44 (Rev. 08/23)

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS
Jennifer Finlayson-Fife

### DEFENDANTS
Meredith Weber

**(b)** County of Residence of First Listed Plaintiff Cook County, Illinois
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant Weber County, Utah
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*
Steven P. Mandell, Mandell Menkes LLC, 333 W. Wacker Dr., Ste. 450, Chicago, IL 60606, (312) 251-1000

Attorneys *(If Known)*
Michael Haeberle, Patterson Law Firm, LLC, 200 W. Monroe, Ste. 2025, Chicago, IL 60606, (312) 223-1699

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government not a party.)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excludes Veterans)
- [ ] 153 Recovery of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyright
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016 (DTSA)

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729 (a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act (TCPA)
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Arts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/ Disabilities- Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee (Prisoner Petition)
- [ ] 465 Other Immigration Actions

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAXES**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check one box, only.)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
28 U.S.C. § 1332, Breach of Contract

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:
- [ ] Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $ exceeds $75,000

CHECK Yes only if demanded in complaint:
Jury Demand: [ ] Yes  [x] No

## IX. RELATED CASE(S) IF ANY *(See instructions):*
Judge _____    Case Number _____

## X. Is this a previously dismissed or remanded case?
[ ] Yes  [x] No   If yes, Case # _____   Name of Judge _____

Date: 3/26/2024

Signature of Attorney of Record: Michael Haeberle

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority for Civil Cover Sheet

The ILND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jennifer Finlayson-Fife, | Case No: |
| Plaintiff, | |
| v. | |
| Meredith Weber, | |
| Defendant. | |

**Notice of Removal**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Meredith Weber ("Weber"), by and through her attorneys, Patterson Law Firm, LLC, hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this Notice, Weber states as follows:

**I.     State Court Proceedings**

1.   Plaintiff filed this action on February 20, 2024, in state court in the Circuit Court of Cook County, Illinois, styled as *Jennifer Finlayson-Fife v. Meredith Weber*, Case No. 2024 L 001918. A copy of the Complaint is attached as Exhibit 1 and will hereinafter be referred to as "the Complaint."

2.   In her complaint, Plaintiff seeks damages for breach of contract and defamation.

3.   Weber accepted service on February 29, 2024.

4. This Notice of Removal is therefore brought within the time required by 28 U.S.C. § 1446. The Complaint and its corresponding Exhibit A are the only documents currently filed in the State Court Action. Thus, pursuant to Fed. R. Civ. P. 81 and 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents on file with the Circuit Court of Cook County are attached hereto.

## II. Grounds for Removal

5. This action is removable to this Court under 28 U.S.C. §§ 1332(a)(1), 1441(a), (b) and 1446 because it is a dispute between a citizen of Utah and a citizen of Illinois, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. Diversity of Citizenship

6. Plaintiff is alleged to be a resident of Illinois. Ex. 1, ¶ 6.

7. Weber is a citizen of Utah. Ex. 1, ¶ 7.

8. Therefore, because Plaintiff is a citizen of Illinois and Weber is not a citizen of Illinois, this dispute is between a citizen of a State and citizens or subjects of a foreign state pursuant to 28 U.S.C. § 1332(a)(1).

### B. Amount in Controversy Exceeds $75,000

9. It is apparent from the face of the Complaint that the amount in controversy in this action exceeds $75,000.

10. Plaintiff alleges that Weber breached the parties' Settlement Agreement's confidentiality and non-disparagement terms (Ex. 1, ¶¶ 13-14, 17-18), causing injury to Plaintiff's reputation (¶¶ 20, 25, 27, 29, 33).

2

Plaintiff seeks $50,000 in damages, plus attorney's fees and costs, as well as the "return [of] all compensation received pursuant to the settlement." (Id. ¶¶ 15-16, 25(b)-(d), 29(b)-(d), 33(b)). Because, based upon these allegations, the amount of damages to be sought by Plaintiff at the trial of this case is reasonably estimated to be in excess of $75,000 (the "compensation received pursuant to the settlement" alone exceeds this amount), exclusive of costs and interest, the amount in controversy criterion is met in order to establish this Court's subject matter jurisdiction of this case. *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (proponents of removal may attempt to meet their burden that the jurisdictional limit is met by estimating the value of the claim based upon the allegations in the complaint); *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) ("Removal is proper if the defendant's estimate of the stakes is plausible"); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (noting that when a complaint provides little information about the value of the claims, a good faith estimate of the stakes is acceptable if it is plausible).

11. Due to the nature of Plaintiff's claims, it is clear the amount in controversy requirement in this case has been met. Those facts apparent from the face of the Complaint demonstrate that Weber has met her burden of proving by a preponderance of the evidence that the amount in controversy requirement in this case has been satisfied.

3

### III.  Procedural Requirements for Removal

12. Weber accepted service of Plaintiff's Complaint on February 29, 2024. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service.

13. The United States District Court for the Northern District of Illinois is the federal judicial district encompassing Cook County, Illinois. Therefore, venue in this district is proper pursuant to 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy will be promptly filed with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Weber respectfully removes this action from the Circuit Court of Cook County, Illinois, bearing the case number 2024 L 001918, to this Court.

Dated: March 26, 2024  Respectfully submitted,

/s/Michael D. Haeberle
Michael D. Haeberle (#6309164)
Patterson Law Firm, LLC
200 W. Monroe, Ste. 2025
Chicago, IL 60606
Tel.: 312-223-1699
Fax: 312-223-8549
mhaeberle@pattersonlawfirm.com

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant Weber's Notice of Removal was served via Electronic Mail and U.S. Postal Service by placing same in the U.S. Postal Service receptacle located at 200 W. Monroe St., Chicago, IL 60606 on March 26, 2024, upon the following:

Steven P. Mandell
Bryan G. Lesser
Mandell Menkes LLC
333 W. Wacker Drive, Suite 450
Chicago, IL 60606
smandell@mandellmenkes.com
blesser@mandellmenkes.com

/s/Michael D. Haeberle

5

# EXHIBIT 1

FILED
2/20/2024 3:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L001918
Calendar, N
26481297

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JENNIFER FINLAYSON-FIFE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: **2024L001918** |
| | ) | |
| v. | ) | |
| | ) | |
| MEREDITH WEBER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jennifer Finlayson-Fife ("JFF") complains against Defendant Meredith Weber

("Weber"), as follows:

### INTRODUCTION

1.     JFF and Weber are parties to a Settlement Agreement.

2.     The Settlement Agreement included a "CONFIDENTIALITY AND NON-

DISPARAGEMENT" Provision.

3.     Despite receiving generous consideration to support the confidentiality and non-

disparagement requirements, Weber proceeded to violate the provision and speak publicly about

the Settlement and Plaintiff JFF.

4.     JFF brings this suit for Breach of Contract and Defamation based on Weber's

public statements that were disseminated online via a podcast.

5.     The Settlement Agreement provides "Any suit or proceeding brought hereunder

shall have its situs and venue in ILLINOIS." (A copy of the "Settlement Agreement" is attached

as Exhibit A).

### PARTIES

6.     JFF is an individual who resides in Cook County, Illinois.

7.      Weber is an individual who resides in the State of Utah.

JURISDICTION AND VENUE

8.      This Court has specific jurisdiction over Weber, because all events alleged in this Complaint took place in Cook County, Illinois, and the contract provides that it shall be litigated in this jurisdiction.

9.      Venue is proper in this Court pursuant to 735 ILCS 5/2-101.

STATEMENT OF FACTS

10.     Weber previously sued JFF in the Cook County Law Division, Case Number 21L3640.

11.     On or about March 15, 2022, JFF and Weber executed the Settlement Agreement.

12.     Pursuant to the Settlement Agreement, Weber received a settlement payment, and agreed to release JFF from potential liability.

13.     With regard to the Settlement Agreement's confidentiality terms, Weber agreed to keep JFF's identity confidential by "not identifying names, titles, education, religious affiliation, geographical location, or life coaching activities," and, if necessary, by "changing the facts that form the basis of [Weber's] Complaint to protect against disclosure" of JFF.

14.     With regard to the Settlement Agreement's non-disparagement terms, Weber agreed that she would "not at any time make any disparaging statements or representations, either directly or indirectly, whether in writing or orally, by word or gesture, to any person whatsoever" about JFF. Disparaging statement was defined broadly to include "any communication which, if publicized to another, would cause the recipient of the communication to question the business condition, integrity, competence, good character, professional conduct, or product quality of the person or entity to whom the communication relates."

2

15. The Settlement Agreement provided that Weber would pay "fair, adequate, and just compensation for the loss of such consideration, the loss of benefit of the bargain, injury to reputation, increased potential exposure to additional claims, embarrassment, and injury to standing in the community." The damages included, but were not limited to, $50,000.00, plus any attorney's fees or costs.

16. The Settlement Agreement further required Weber to indemnify JFF for all causes of action related to the incident underlying her lawsuit, including attorney's fees.

17. On or about August 7, 2023, Weber appeared on the internet podcast entitled "Very Bad Therapy," in an episode called, "The Shrink Next State." In this podcast, Weber alleged that her therapist set up an "illegal" practice without proper licensing, advertised psychotherapy illegally across state lines, provided fraudulent paperwork, committed ethical boundary violations, acted as a "cult leader," engaged in an "affair," "grooming," child "neglect," and "indentured servitude," among other criminal, unethical and abhorrent conduct.

18. Although Weber did not mention JFF expressly by name, Weber provided extensive and detailed information about JFF that was sufficient to allow the listening audience to conclude that Weber was speaking about JFF. The information Weber provided about JFF, included but was not limited to, facts about JFF's extensive online presence, Facebook ads, Skype sessions, JFF's years of experience, the high regard with which JFF was held in their "shared community", JFF's hobbies, religious attendance, children, children's activities, spouse, and that JFF's residence was in the Midwest, "four or five states" west of Weber's home on the East Coast. (The statements in Paragraphs 17 and 18 are collectively referred to herein as "Weber's Statements").

3

19. Multiple people identified JFF based on Weber's Statements and proceeded to notify JFF of Weber's Statements.

20. Weber's Statements are false, disparaging, and injurious to JFF's reputation in the community.

### COUNT I—BREACH OF CONTRACT (Confidentiality)

21. JFF realleges paragraphs 1-20.

22. The Settlement Agreement is a valid, enforceable Contract.

23. Weber breached the Settlement Agreement by failing to keep JFF's identity confidential.

24. JFF has done everything required under the Settlement Agreement.

25. JFF has suffered damages to her reputation and standing in the community.

WHEREFORE, Jennifer Finlayson-Fife prays that this Court:

A. Enter judgment in her favor;

B. Award her damages to compensate for the reputational harm;

C. Order Weber to return all compensation received pursuant to the Settlement Agreement;

D. Award her reasonable attorneys' fees and costs of this suit; and

E. Grant such other relief as is just.

### COUNT II—BREACH OF CONTRACT (Non-Disparagement)

26. JFF realleges paragraphs 1-20.

27. Weber breached the Settlement Agreement by making public statements that caused recipients of the communication to question the business condition, integrity, competence, good character, and professional conduct of JFF.

4

28.     JFF has done everything required of her under the Settlement Agreement.

29.     JFF has suffered damages to her reputation and standing in the community.

WHEREFORE, Jennifer Finlayson-Fife prays that this Court:

A.     Enter judgment in her favor;

B.     Award her $50,000.00 in liquidated damages;

C.     Order Weber to return all compensation received pursuant to the Settlement Agreement;

D.     Award her reasonable attorneys' fees and costs of this suit; and

E.     Grant such other relief as is just.

### COUT III—DEFAMATION (*Per Se*)

30.     JFF realleges paragraphs 1-20.

31.     Weber stated that her therapist set up an "illegal" practice without proper licensing, advertised psychotherapy illegally across state lines, provided fraudulent paperwork, committed ethical boundary violations, acted as a "cult leader," engaged in an "affair," "grooming," child "neglect," and "indentured servitude," among other criminal, unethical and abhorrent conduct.

32.     These statements are false.

33.     These statements are defamatory *per se* as they impute the commission of a criminal offense, impute an inability to perform or want of integrity in the discharges of duties related to JFF's employment, impute prejudice to JFF's profession or business, and accuse JFF of adultery or fornication.

WHEREFORE, Jennifer Finlayson-Fife prays that this Court:

A.  Enter judgment in her favor;

5

B.  Award her damages to compensate for the harm to her personal and professional reputation in excess of $50,000.

C.  Grant such other relief as is just.

Respectfully Submitted,

JENNIFER FINLAYSON-FIFE

By:  /s/ Steven P. Mandell
One of her attorneys

Steven P. Mandell
Bryan G. Lesser
MANDELL MENKES LLC
333 W. Wacker Drive, Suite 450
Chicago, IL 60606
Telephone: 312-251-1000
Firm No. 38081
Email: smandell@mandellmenkes.com
        blesser@mandellmenkes.com

6

**Civil Action Cover Sheet - Case Initiation**      **(12/01/20) CCL 0520**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Jennifer Finlayson-Fife

v.

Meredith Weber

No. _____

**2024L001918**

FILED DATE: 2/20/2024 3:20 PM   2024L001918

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☐ Yes ☐ No

FILED
2/20/2024 3:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L001918
Calendar, N

**(FILE STAMP)**

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Steven P. Mandell
_____
(Attorney)            (Pro Se)

**COMMERCIAL LITIGATION**

CASE TYPES:
- ☒ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please specify below.**)
- ☐ 075 Other Commercial Litigation
  (Please specify below.**)
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

_____

Primary Email: smandell@mandellmenkes.com

Secondary Email: docket@mandellmenkes.com

Tertiary Email: sbrocious@mandellmenkes.com

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

## IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard in Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 4/23/2024 9:15 AM

FILED
2/20/2024 3:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L001918
Calendar, N
26481297

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the sum of Eight Hundred Thousand Dollars and No cents ($800,000.00), the receipt and sufficiency of which is hereby acknowledged, the undersigned, MEREDITH WEBER, including all present and former spouses, heirs, devisees, legatees, executors, administrators, representatives, agents, transferees, assigns, subrogees, grantees, indemnitees/indemnitors, predecessors, successors, and attorneys, hereinafter collectively referred to as "RELEASOR" hereby fully and forever releases, remises, acquits, satisfies, and discharges JENNIFER FINLAYSON-FIFE, PH.D. (a/k/a JENNIFER FIFE, JENNIFER FINLAYSON-FIFE, DR. JENNIFER FIFE, DR. JENNIFER FINLAYSON-FIFE), FINLAYSON-FIFE, LLC, THRIVING RELATIONSHIPS, PLLC, COLUMBIA CASUALTY COMPANY and any CNA ENTITY, as well as each of their estates, heirs, executors, administrators, successors-in-interest, assigns, predecessors and/or successors, parent companies, companies, sister companies, suborders, subsidiaries, entities, business units, divisions, affiliates and/or associations, owners, directors, members, managers, officers, employees, partners, representatives, shareholders, attorneys, independent contractors, subcontractors, insurers, underwriters, agents, subrogates, assigns, leasers, lessees, franchisees, and servants hereinafter collectively referred to as "RELEASEES" who are or might be liable directly or vicariously in any way from any and all, and to the broadest extent allowed by law, claims, actions, causes of action, demands, rights, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, liens, med pay, personal injury protection, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, expenses, compensation, rights, attorney fees, costs, loss of services, wrongful death, expenses, compensation and damages whatsoever, whether common law, statutory or extra contractual, which the RELEASOR now has or which may hereafter accrue in law or in equity including all known and/or unknown, foreseen and/or unforeseen, asserted and/or unasserted, contingent, inchoate, suspected and/or unsuspected, developed and/or undeveloped damage and the consequences thereof on account of or in any way growing out of, resulting or to result from MEREDITH WEBER's interactions with RELEASEES, including, but not limited to, the allegations referenced in the complaint filed by RELEASOR in the Circuit Court of the Cook County, Illinois, County Department, Law Division, Case No. 2021 L 003640 (hereinafter collectively referred to as the "INCIDENT").

This SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS and all of the terms herein are collectively referred to hereinafter as the "AGREEMENT." RELEASOR and RELEASEES are collectively referred to hereinafter as the "PARTIES".

In further consideration for the payment set forth above, the RELEASOR represents and covenants that the RELEASOR will dismiss any pending actions with prejudice.

The RELEASOR and RELEASEES have agreed to settle in order to avoid the inconvenience, distractions, and inherent uncertainties associated with any legal proceeding, and the additional legal fees and expenses of continuing this dispute. This AGREEMENT represents a compromise of a disputed claim and any liability, wrongdoing, malfeasance, misfeasance, or negligence on the part of the RELEASEES is expressly denied.

RELEASOR and her attorneys represent and warrant that there is no Centers for Medicare & Medicaid Services ("CMS") lien or claim that is applicable to the matters released in this Settlement Agreement and have determined that CMS has not paid any claims related to this case.

RELEASOR and her attorneys also acknowledge that neither she nor her counsel or any other representative received a notification of a contractual right of reimbursement of medical costs paid by any private insurance company for the medical care associated with the allegations and injuries described in the Complaint. Should any private insurance company seek to exercise its rights, and/or request reimbursement,

Page 1 of 7

for any medical costs paid on its behalf for the medical care associated with the allegations in the Complaint, RELEASOR agrees to defend, indemnify and hold harmless RELEASEES in connection with any dispute, conflict, claim, demand, or other relief sought by any private insurance company. RELEASOR denies that RELEASOR has been notified about any other medical/insurance liens or that any other medical care provider or insurance carrier has notified RELEASOR of a contractual right to reimbursement of the medical costs paid for RELEASOR's medical care and the proceeds of this settlement received by RELEASOR. To that end, RELEASOR hereby agrees to defend, protect, indemnify and hold harmless the RELEASEES if any person, firm, entity or corporation shall assert, attempt to assert or attempt to collect on any such claim or lien by reason of the foregoing matter and/or relating to this AGREEMENT.

As a further consideration and inducement for this settlement, the RELEASOR agrees to defend, indemnify, protect and hold the RELEASEES harmless from any and all liens, rights of subrogation, indemnification claims, contribution claims, defense claims, losses, liability, actions, damages, causes of action, judgments, costs and expenses, including attorney's fees, whatsoever made by or sustained by or arising from any person, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits provider, workers compensation carrier, Medicare, Medicaid or any other entity arising in whole or in part out of the INCIDENT, or in any way connected to the INCIDENT.

The RELEASOR agrees and acknowledges that no promise, inducement, or AGREEMENT, not expressly contained in this AGREEMENT, has been made to her. This AGREEMENT supersedes all previous agreements or understandings, whether written or oral, and contains the entire agreement by and among the RELEASOR and RELEASEES with respect to the INCIDENT. This AGREEMENT may not be altered, modified, or amended except in a writing signed by the RELEASOR and RELEASEES. The RELEASOR represents and warrants that she has the authority to enter into this AGREEMENT, and she intends to be legally bound by it.

The RELEASOR represents and warrants that no other person or entity has any interest in the claims, demands, obligations, or causes of action referred to in this AGREEMENT; that she has the sole right and exclusive authority to execute this AGREEMENT and to receive the sums specified in it; and that there has not been, nor will there be, an assignment or other transfer of any claim, interest right which the RELEASOR may have arising in whole or in part out of the INCIDENT or in any way connected to the INCIDENT.

In entering into this AGREEMENT, it is understood and agreed that the RELEASOR relied wholly upon the RELEASOR's own judgment, belief and knowledge of the nature, extent and duration of said injuries and damages. No representations or statements made by the RELEASEES or by any person or persons representing the RELEASEES or by any physician or therapist employed or engaged by the RELEASEES regarding said injuries and damages or regarding any other matters arising in whole or in part out of the INCIDENT, or in any way connected to the INCIDENT have influenced the RELEASOR to any extent whatsoever in entering into this AGREEMENT.

The parties understand and agree that the origins of the claims at issue in this lawsuit sound in personal physical injury and physical sickness for, among other things, pain, suffering and emotional distress arising out of such physical injury and sickness. All sums set forth herein constitute damages on account of personal injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. The Settlement Payment is therefore understood and agreed to be allocated solely and exclusively to those alleged damages. While the parties have negotiated this allocation at arm's length and in good faith, neither party has made any warranty or representation with respect to the income tax consequences of the Settlement Payment under this Agreement, and neither party is in any manner relying on the other or their attorneys for an assessment of such tax consequences. The parties are advised to consult

with their own tax advisors with respect to any such tax consequences and the issuance, vesting and payment of the Settlement Payment. Consistent with parties' intent that the Settlement Payment shall be made on account of Plaintiff's personal physical injuries and sickness, Defendants – including any insurer or other party that makes the Settlement Payment on behalf of Defendants – shall not issue any Form 1099 other information return to Plaintiff with respect to the Settlement Payment.

The RELEASOR hereby declares that she has had the benefit of advice from her attorneys, or the opportunity to seek advice of counsel, and the terms of this AGREEMENT have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise of any and all claims arising in whole or in part, or in any way connected to the INCIDENT.

RELEASOR hereby acknowledges and agrees that RELEASOR expressly waives and assumes the risk of any and all claims for damages against the RELEASEES which exist as of this date but of which the RELEASOR does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect RELEASOR's decision to enter into this AGREEMENT. The RELEASOR understands that this claim is being settled as a business decision only and that payment of the sums specified herein are being made as a complete compromise of matters involving disputed issues of law and fact and the RELEASOR thereby assumes the risk that the facts or law may be otherwise than RELEASOR believes.

## CONFIDENTIALITY AND NON-DISPARAGEMENT

1.      Except as necessary to enforce the terms of this AGREEMENT, RELEASOR and RELEASEES hereto agree that the name of the parties to the settlement, the terms of this AGREEMENT, and any fact concerning its negotiation, execution or implementation ("Confidential Settlement Information') is confidential and not to be disclosed, communicated, posted, or published in any manner or forum directly or indirectly, to anyone, including but not limited to, news media, digital and/or social media, internet source/website/blogs, television, radio, Lexis, Westlaw, the Jury Verdict Reporter, National Jury Verdict Search, National Jury Verdict Settlement search, bar organizations, ITLA, ATLA, or similar publication or database for attorneys, bar associations, legal organizations, or databases, and/or any other persons or entities not expressly excluded herein, except as expressly authorized in this paragraph and paragraph four below. The RELEASORS and RELEASEES may disclose the terms of this AGREEMENT to: (i) a court pursuant to subpoena or order; (ii) taxing authorities as necessary to comply with any statute; (iii) financial advisors; (iv) legal counsel; (v) otherwise as required by law; and (vi) to any other person or entity upon written consent of the party adverse to them in this AGREEMENT. To the extent there is an inquiry as to the status of the claim, RELEASOR AND RELEASEES shall be directed to state: "This matter has resolved" or "This matter has settled."

2.      RELEASOR agrees to keep as confidential the name of RELEASEES, including Dr. Jennifer Finlayson-Fife in her communications with anyone except as expressly authorized in paragraph four below, and RELEASOR agrees to further protect against disclosure of RELEASEES identities by a) not identifying RELEASEES by their names, titles, education, religious affiliation, geographical location, or life coaching activities, b) changing identifiable information about the facts of RELEASOR'S claims, and c) otherwise changing the facts that form the basis of RELEASOR'S Complaint to protect against disclosure of RELEASEES identity, to any person not expressly excluded herein, except as expressly authorized in paragraph four below.

3.      RELEASOR and RELEASEES hereto agree that they will not contribute to, cooperate with, or encourage any publicity regarding this AGREEMENT including, but not limited to, its terms, the parties, or any individual health care providers previously consulted by Dr. Jennifer Fife related to RELEASOR'S claims,

FILED DATE: 2/20/2024 3:20 PM   2024L001918

which might be pursued by any third party or entity, whether legal or non-legal, including but not limited to, news media, digital and/or social media, internet source/website/blogs, television, radio, Lexis, Westlaw, the Jury Verdict Reporter, National Jury Verdict Search, National Jury Verdict Settlement search, bar organizations, ITLA, ATLA, or similar publication or database for attorneys, bar associations, legal organizations, or databases, or any other persons or entities not expressly excluded herein. The undersigned agree that violation of confidential settlement information shall constitute a breach of this agreement which shall release the RELEASEES from its obligations under this provision.

4.      Nothing in this AGREEMENT prevents RELEASOR from discussing her history, her claims or her injuries that form the basis of her Complaint with RELEASOR'S individual medical and individual counseling providers (both physical and mental) and RELEASOR'S local church leaders, which is defined as her local Bishop and Stake President. Nothing in this AGREEMENT prevents RELEASOR from discussing her history, her claims or her injuries that form the basis of her Complaint with her immediate family members (defined as her spouse, parents, siblings, or any children she may have), and Mary Heller. RELEASOR expressly agrees that she has advised and obtained the agreement of her immediate family members (as defined herein) and Mary Heller upon receipt of the confidential information that said persons: (1)  will keep confidential the names of the parties to the settlement, the terms or existence of this AGREEMENT, and any fact concerning its negotiation, execution or implementation, and/or RELEASOR's claims; (2) will not disclose, communicate, post, or publish in any manner or forum directly or indirectly, to anyone, including but not limited to, news media, digital and/or social media, internet source/website/blogs, television, radio, Lexis, Westlaw, the Jury Verdict Reporter, National Jury Verdict Search, National Jury Verdict Settlement search, bar organizations, ITLA, ATLA, or similar publication or database for attorneys, bar associations, legal organizations, or databases, and/or any other persons or entities not expressly excluded herein; and (3) will not contribute to, cooperate with, or encourage any publicity regarding this AGREEMENT, including, but not limited to, its terms, the parties, or any individual health care providers, which might be pursued by any third party or entity, whether legal or non-legal, including but not limited to, news media, digital and/or social media, internet source/website/blogs, television, radio, Lexis, Westlaw, the Jury Verdict Reporter, National Jury Verdict Search, National Jury Verdict Settlement search, bar organizations, ITLA, ATLA, or similar publication or database for attorneys, bar associations, legal organizations, or databases, or any other persons or entities not expressly excluded herein. Upon disclosure of confidential information to RELEASOR'S immediate family members (as defined herein) and Mary Heller, those persons shall be given a copy of this AGREEMENT. RELEASOR agrees that violation of this provision by RELEASOR'S immediate family members (as defined herein) and Mary Heller who receive confidential information will constitute a breach of this agreement which shall release RELEASEES from its obligations under this AGREEMENT and shall entitle RELEASEES to the relief described in paragraph seven below.

5.      RELEASOR agrees that she shall not at any time make any disparaging statements or representations, either directly or indirectly, whether in writing or orally, by word or gesture, to any person whatsoever, or any another entity including but not limited to, any state or federal agency, professional organization, news media, digital and/or social media, internet source/website/blogs, television, radio, Lexis, Westlaw, the Jury Verdict Reporter, National Jury Verdict Search, National Jury Verdict Settlement search, bar organizations, ITLA, or ATLA, about the RELEASEES. RELEASOR expressly agrees that she has advised and obtained the agreement of the persons described in paragraph four who receive confidential information that said persons shall not at any time make any disparaging statements or representations, either directly or indirectly, whether in writing or orally, by word or gesture, to any person whatsoever, or any other entity including but not limited to, any state or federal agency, professional organization, news media, digital and/or social media, internet source/website/blogs, television, radio, Lexis, Westlaw, the Jury Verdict Reporter, National Jury Verdict Search, National Jury Verdict Settlement search, bar organizations, ITLA or ATLA, about the RELEASEES. For purposes of this paragraph, a disparaging statement or

representation is any communication which, if publicized to another, would cause the recipient of the communication to question the business condition, integrity, competence, good character, professional conduct, or product quality of the person or entity to whom the communication relates. A disparaging statement does not include those statements or representations made by RELEASOR to those persons identified in paragraph four who receive confidential information. The undersigned agree that violation of non-disparagement shall constitute a breach of this agreement which shall release the RELEASED PARTIES from its obligations under paragraphs one and three of this AGREEMENT and shall entitle RELEASEES to the relief described in paragraph seven below.

6.     Nothing in this AGREEMENT shall prevent RELEASOR, RELEASEES, or the persons identified in paragraph Four (4) from responding to any requests for information from any state or federal court, administrative agency or other governmental body.

7.     The undersigned acknowledge, stipulate, and agree to provide fair, adequate, and just compensation for the loss of such consideration, the loss of benefit of the bargain, injury to reputation, increased potential exposure to additional claims, embarrassment, and injury to standing in the community that the RELEASEES would incur should the undersigned, their attorneys, agents, or representatives disclose Confidential Settlement Information or disparage RELEASEES in violation of this agreement. Accordingly, RELEASOR hereby agrees that if a Mediator (RELEASOR will propose four possible mediators, each in the Chicago area, and RELEASEES will choose one of the four mediators) finds her liable, or her respective attorneys, agents, or representatives liable, for disclosing any Confidential Settlement Information or disparaging RELEASEES in violation of this AGREEMENT, RELEASEES shall be entitled to receive an appropriate monetary amount in liquidated damages from RELEASOR, in the amount of Fifty Thousand Dollars ($50,000.00), plus any attorney's fees and/or costs that are incurred in collecting said liquidated damages. RELEASOR acknowledges, stipulates, and agrees that the amount of said liquidated damages is wholly compensatory, and not punitive. RELEASOR and RELEASEES agree that the mutual promises made under this Section, entitled "Confidentiality and Non-Disparagement," will remain in effect forever. In the event that a Mediator does not find any alleged violation, the RELEASOR, attorneys and/or representatives shall be entitled to receive reimbursement of any attorneys' fees and costs incurred in defending the charge of an alleged violation from RELEASEES.

To the extent that any term or provision of the AGREEMENT is deemed void or not in compliance with the applicable law, that term or provision alone will be void, while all other terms or provisions will be enforceable. The RELEASEES shall have the opportunity to modify any such provision to conform to such law.

RELEASOR and RELEASEES shall bear their own attorneys' fees and costs incurred in the litigation and through the execution of this AGREEMENT.

The undersigned hereby acknowledges full and final settlement and satisfaction of any and all claims, demands, actions and causes of action of whatever kind or character which RELEASOR has or may have against the RELEASEES by reason of the INCIDENT including but not limited to any claims for bad faith or excess judgment. RELEASEES shall not be estopped or otherwise barred from asserting and expressly reserve the right to assert, any claim or cause of action they may have against the Undersigned or any others.

This AGREEMENT shall be construed and interpreted in accordance with the laws of the State of ILLINOIS. Any suit or proceeding brought hereunder shall have its situs and venue in ILLINOIS.

Facsimile signatures on the AGREEMENT with notarization are deemed acceptable and a photocopy may be used in place of originals for any purpose.

Page 5 of 7

**I HAVE READ THIS AGREEMENT AND UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS CONTAINED IN IT.**

BY: _____
MEREDITH WEBER

STATE OF __Virginia__ )
                       ) ss
COUNTY OF __Henrico__ )

On the _15_ day of _March_____, before me personally appeared MEREDITH WEBER, who presented _____ as identification or who is known to me to be the persons described in and who executed the foregoing SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS, and who acknowledged to me that he/she executed it as his/her own free act and deed.

_____
Notary Public

Approved as to Form, Content, and Confidentiality & Non-Disparagement:

BY: _Lawrence B. Finn_
The Finn Law Firm

BY: _____
Jenner Law, P.C.

BY: _____
Hall Prangle & Schoonveld, LLC

Page 6 of 7

FILED DATE: 2/20/2024 3:20 PM 2024L001918