UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER FINLAYSON-FIFE, ) <br> ) <br> Plaintiff, ) <br> ) No. 24-cv-2452 <br> v. ) <br> ) Judge April M. Perry <br> MEREDITH WEBER, ) <br> ) <br> Defendant. ) | |

**OPINION AND ORDER**

Jennifer Finlayson-Fife ("Plaintiff") brought this lawsuit against Meredith Weber ("Defendant") alleging state law claims of breach of contract and defamation. Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(6). For the reasons that follow, Defendant's motion to dismiss is denied.

**BACKGROUND**

As is appropriate in deciding a motion to dismiss, the Court accepts the facts in Plaintiff's complaint as true and views them in the light most favorable to her. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff is a resident of Illinois, and Defendant is a resident of Utah. Doc. 1 at 9-10. Prior to this lawsuit, Defendant sued Plaintiff in the Cook County Law Division (Case No. 21L3640) (the "Cook County case"). *Id.* at 10. The Cook County case involved allegations that Plaintiff had been Defendant's psychotherapist and committed professional malpractice when treating Defendant by, among other things, encouraging Defendant to leave her husband and come work for Plaintiff as a babysitter and personal assistant. Doc. 4 at 34. The claims in the Cook County case included medical negligence, lack of informed consent for treatment, and negligent

infliction of emotional distress. *Id*. at 52-63. The Cook County case was resolved through a Settlement Agreement, which was executed on March 15, 2022. Doc. 1 at 10. As part of that Settlement Agreement, Plaintiff paid Defendant a sum of money and Defendant released Plaintiff from liability and agreed to confidentiality and non-disparagement terms. *Id.* Specifically, Defendant agreed to keep Plaintiff's identity confidential by "not identifying names, titles, education, religious affiliation, geographical location, or life coaching activities." *Id.* Defendant also agreed that she would "not at anytime make any disparaging statements or representations, either directly or indirectly, whether in writing or orally, by word or gesture, to any person whatsoever" about Plaintiff. *Id.*

Around August 7, 2023, Defendant appeared on the internet podcast "Very Bad Therapy," in an episode called "The Shrink Next State." *Id.* at 11. Throughout the podcast episode, Defendant "alleged that her therapist set up an 'illegal' practice without proper licensing, advertised psychotherapy illegally across state lines, provided fraudulent paperwork, committed ethical boundary violations, acted as a 'cult leader,' engaged in an 'affair,' 'grooming,' child 'neglect,' and 'indentured servitude,' among other criminal, unethical and abhorrent conduct." *Id.* Although Defendant did not name Plaintiff, several individuals realized Defendant was talking about Plaintiff based upon personal details that Defendant included in the podcast, including "facts about [Plaintiff's] extensive online presence, Facebook ads, Skype sessions, [her] years of experience, the high regard with which [she] was held in their 'shared community,' [her] hobbies, religious attendance, children, children's activities, spouse, and that [her] residence was in the Midwest, 'four or five states' West of [Defendant's] home on the East Coast." *Id.* Multiple people notified Plaintiff about the podcast episode. *Id.* at 12. Plaintiff

contends Defendant's statements about Plaintiff in the podcast are false and injured her reputation. *Id*.

Plaintiff filed this action on February 20, 2024, in the Circuit Court of Cook County, Illinois. *Id*. at 15. Plaintiff removed the case to federal court on March 26, 2024. *Id*. at 3.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed when a plaintiff fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a motion to dismiss, a plaintiff need only include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. The law is clear that a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Defendant's motion to dismiss raises three issues: (1) Defendant alleges that her speech on the podcast was protected by the Illinois Citizen Participation Act ("ICPA"), 735 ILCS 110/1; (2) Defendant contends that the Settlement Agreement is unenforceable due to the Illinois Workplace Transparency Act, 820 ILCS 96/1, *et seq*; and (3) Defendant argues that Plaintiff is a public figure and therefore the defamation claim against her fails because it does not allege actual malice. As this Court is sitting in diversity and both the claims and defenses arise under state law, the Court begins with a choice of law analysis.

The parties do not dispute that Illinois law should apply to Plaintiff's breach of contract and defamation claims. Therefore, the Court automatically applies Illinois law to those claims. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law."). The parties do contest whether the ICPA can be raised as a defense. Specifically, Plaintiff argues that either Utah's or Virginia's equivalent laws should apply,[1] and Defendant counters that there is a case for either the Illinois or Utah statutes to apply.[2]

The ICPA attempts to prevent meritless lawsuits attacking citizens for exercising their political rights. *See Basile v. Prometheus Glob. Media*, LLC, 2020 IL App (1st) 190602-U, ¶¶ 2, 21. Categorized as an anti-SLAPP law (SLAPP standing for "Strategic Lawsuit Against Public Participation"), numerous states – including Utah – have enacted similar laws to provide a

---

[1] Plaintiff also argues that "[b]ecause [Defendant] has failed to address the choice of law issue or cite any Virginia or Utah law that might apply, the Court should deny her motion on this ground." Doc. 7 at 5. However, Defendant had no obligation address choice of law in her motion to dismiss given that Plaintiff's complaint arose under and applied Illinois law and the Settlement Agreement stated that Illinois law would be applied in any dispute. Doc. 1 at 21.

[2] The Court does not conduct an analysis of whether Virgina law should apply because Defendant was not domiciled in Virginia in the relevant period, and the podcast episode was not recorded in Virginia. Doc. 13 at 4, n. 1.

mechanism for early dismissal of frivolous claims brought to chill protected speech. *Id.* at ¶ 3. "The traditional SLAPP paradigm involves a large and powerful corporation or entity that sues an individual or grassroots political organization for defamation, intentional interference with economic advantage, or some other similar tort." *Ryan v. Fox Television Stations, Inc.*, 979 N.E.2d 954, 960 (Ill. App. Ct. 2012).

Federal courts hearing state law claims under diversity jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law. *See McCoy*, 760 F.3d at 684. The forum here is Illinois, and Illinois choice of law rules thus apply. In Illinois, a "choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears, Roebuck, and Co.*, 879 N.E.2d 893, 898 (Ill. 2007); *e.g. Basile*, ¶ 30 (discussing how lower court "ultimately determined that it did not need to decide whether to apply the Illinois or California anti-SLAPP statute because defendant's motion would be unsuccessful under either state's law."). The party seeking a choice of law determination has the burden of establishing the existence of an outcome-determinative conflict. *See Board of Forensic Document Examiners, Inc. v. American Bar Assoc.*, 922 F.3d 827, 831 (7th Cir. 2019) (holding that district court committed no error in applying the law of the forum state when party seeking application of a particular state law failed to identify any specific conflict between the state laws).

Here, Plaintiff is asserting that there should be a choice of law analysis and therefore carries the burden of demonstrating an outcome-determinative conflict between Illinois and Utah law. Plaintiff argues there is a conflict between the Utah and Illinois anti-SLAPP laws because the ICPA "places the burden on the defendant to show that the suit is both retaliatory and meritless," and Utah law "places the burden on the plaintiff to show it has stated a prima facie

5

claim." Doc. 7 at 5. In support of this assertion, Plaintiff cites *Jacob v. Bezzant*, 212 P.3d 535 (Utah 2009). It is unclear to the Court why Plaintiff argues for a choice of law that puts the burden on Plaintiff rather than Defendant, but the bigger problem is that the statute applied in *Bezzant* was repealed and replaced prior to Defendant's podcast. *See* Utah Code Ann. § 78B-25-102(2)(c). Because she applied the wrong Utah statute, Plaintiff has not met her burden of identifying an outcome-determinative conflict between Illinois and Utah law, and the Court will apply the ICPA.[3]

### I. Immunity Under the ICPA

The Court concludes that Defendant has not met her burden of showing that her speech was protected by the ICPA. Plaintiff's suit may only be dismissed under the ICPA if: (1) Defendant's acts were in furtherance of her right to petition, speak, associate, or otherwise participate in government to obtain favorable government action; (2) Plaintiff's claims are solely based on, related to, or in response to the protected speech; and (3) Plaintiff fails to produce clear and convincing evidence that Defendant's acts were not genuinely aimed at procuring favorable government action. *Prakash v. Parulekar*, 177 N.E.3d 1, 12 (Ill. App. Ct. 2020), as modified on denial of reh'g (Dec. 3, 2020). Prong two can be satisfied if Defendant demonstrates that this lawsuit is meritless and was filed in retaliation for Defendant's protected activities to deter Defendant from further engaging in those activities. *Id*. "If the movant meets [her] burden under the first two prongs of the analysis, the court must decide whether the plaintiff has met [her] burden under the third prong of the analysis." *Id.*

---

[3] Utah's new anti-SLAPP statute does not make it clear who holds the burden, allowing courts to dismiss the case if: (1) "the responding party fails to establish a prima facie case as to each element of the cause of action," or (2) the moving party establishes that "the responding party failed to state a cause of action upon which relief can be granted" or "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Utah Code Ann. § 78B-25-107(1)(c).

Defendant's claim under the ICPA fails because she cannot meet her burden under either the first or second element. First, there is no evidence that Defendant's speech was in furtherance of her rights of petition, speech, association, or other participation in government. Defendant spoke on a podcast entitled "Very Bad Therapy." There is no evidence that this podcast was designed to reach any government officials or for the purpose of obtaining any favorable government action. The only case cited by Defendant in support of the proposition that such speech could be protected by the ICPA involved speech directly to a government official and to a reporter during a public forum concerning proposed legislation. *See Wright Dev. Group, LLC v. Walsh*, 939 N.E.2d 389, 400 (Ill. 2010). *Wright* is quite clearly distinguishable from this case, and the Court has not seen any case that stands for the proposition that speech so far removed from law enforcement, legislation, or other government action would be covered by the ICPA.

Additionally, there is no evidence that this case is retaliatory. In making this determination, courts consider: "(1) the proximity in time between the protected activity and the filing of the complaint, and (2) whether the damages requested are reasonably related to the facts alleged in the complaint and are a 'good-faith estimate of the extent of the injury sustained.'" *Ryan v. Fox Television Stations, Inc.*, 979 N.E.2d 954, 962–63 (Ill. App. Ct. 2012). Here, six months separate Defendant's appearance on the podcast episode and Plaintiff filing this case. Allowing the podcast to remain available for six months indicates that the suit was not filed to interfere with Defendant's speech. *See Kenyon v. Bd. of Educ. of Twp. High Sch. Dist. 113*, No. 24-CV-09878, 2025 WL 1101615, at *9 (N.D. Ill. Apr. 14, 2025). Furthermore, the damages demanded are not excessive, seeking only a return of the settlement amount, attorney fees and costs, and $50,000. *See Ryan*, 979 N.E.2d at 963-64 (finding a $28 million demand for

7

defamation to be evidence of retaliation). To the contrary, the damages requested in this case seem to be reasonably related to the harm allegedly caused by Defendant.

Finally, Defendant has not demonstrated that Plaintiff's claims lack merit. Defendant argues that all Plaintiff's claims are meritless under the ICPA and also should be dismissed under Rule 12(b)(6) because: (1) the Settlement Agreement is void and thus there is no contract to be breached; and (2) Plaintiff failed to plead actual malice and thus has no defamation claim. For the reasons that follow, the Court disagrees both with Defendant's assertion that Plaintiff's case is meritless and with the argument that the complaint does not state a claim.[4]

### A. Breach of Contract (Counts I and II)

In Counts I and II, the complaint alleges breach of contract based upon the confidentiality and non-disparagement provisions of the Settlement Agreement. Defendant argues that the Settlement Agreement is unenforceable under the Illinois Workplace Transparency Act ("IWTA").

The IWTA is intended "to ensure that all parties to a contract for the performance of services understand and agree to the mutual promises and consideration therein, and to protect the interest of this State in ensuring all workplaces are free of unlawful discrimination and harassment." 820 ILCS 96/1-5. The IWTA requires that certain types of settlement or termination agreements between an employee, prospective employee, or former employee and employer which contain confidentiality provisions be in writing and provide a period of twenty-one calendar days to consider the agreement before execution. 820 ILCS 96/1-30(a). Furthermore, the employee can revoke any such agreement within seven calendar days following

---

[4] The analysis as to merit under the ICPA is slightly different from that of failure to state a claim. A claim is meritless under the ICPA when "the defendant disproves some essential element of the plaintiff's claim." *Goral v. Kulys*, 21 N.E.3d 64, 76 (Ill. App. Ct. 2014). "[A] claim does not qualify as meritless simply because it might be dismissed for failure to state a claim." *Glocoms Grp., Inc. v. Ctr. for Pub. Integrity*, No. 17-CV-6854, 2018 WL 2689434, at *2 (N.D. Ill. June 5, 2018).

execution. *Id*. Failure to comply with the IWTA renders "any promise of confidentiality related to alleged unlawful employment practices against public policy void and severable from an otherwise valid and enforceable agreement." 820 ILCS 96/1-30(c).

Defendant argues that because she was not notified in writing of her right to consider the Settlement Agreement for twenty-one days and to revoke within seven days of execution, the IWTA renders the Settlement Agreement void. There are several problems with this argument. First, the parties agree that the IWTA only applies to disputes involving an employer-employee relationship. Doc. 7 at 8; Doc. 13 at 11. While the Cook County case did involve allegations that there had been an employment relationship between the parties, the claims (for medical negligence, lack of informed consent, and negligent infliction of emotional distress) were premised on the therapist-patient relationship between Plaintiff and Defendant rather than any employment relationship that may have existed.[5] Second, the notice provisions of the IWTA apply only to confidentiality provisions in settlement agreements "related to alleged unlawful employment practices against public policy." 820 ILCS 96/1-30(c). There were no claims of *unlawful* employment practices within the Cook County complaint or the Settlement Agreement. Rather, the Cook County complaint alleged that Plaintiff having employed Defendant was a violation of Plaintiff's professional ethical obligations. Finally, Defendant argues only that the Settlement Agreement did not explicitly state that she had twenty-one days to review it and could revoke it within seven days after execution; Defendant does not contend that she did not have twenty-one days to review the Settlement Agreement or that she attempted to revoke it within seven days and was unable to do so. The IWTA does require that certain terms of settlement

---

[5] The Court takes judicial notice of the allegations made in the Cook County complaint, as it is a public record and its authenticity is not disputed. *See Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss."). In so doing, the Court does not assume that the facts alleged in the Cook County complaint have any factual basis.

agreements be explicit, but the time periods for review and revocation are not among them. *Compare* 820 ILCS 96/1-30(a)(2) (mandating that "the employer notifies the …former employee, in writing, of his or her right to have an attorney or representative of his or her choice review the settlement or termination agreement before it is executed") *with* 820 ILCS 96/1-30(a)(6) (stating that the former employee "has 7 calendar days following the execution of the agreement to revoke the agreement and the agreement is not effective or enforceable until the revocation period has expired"). Defendant has not demonstrated that the IWTA is applicable to the current case. The Court further finds that the complaint adequately pleads breach of contract, and those claims are not meritless. Defendant's motion to dismiss Counts I and II is therefore denied.

### B. Defamation *Per Se* (Count III)

The Court next addresses Plaintiff's defamation *per se* claim. Defendant argues that this claim must be dismissed because Plaintiff is at least a limited purpose public figure and therefore the defamation claim must allege actual malice. Doc. 4 at 11.

The essential elements of a defamation claim are "that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that the publication caused damages." *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009). Certain types of statements are defamatory *per se*. *Id*. These include accusations that a person has committed a crime or that a person lacks integrity in performing his or her employment. *Id*. Public figures can only recover for defamation if the statements were made with actual malice, meaning the statements were made with knowledge that they were false or reckless disregard as to their falsity. *New York Times v. Sullivan*, 376 U.S. 254, 279–80 (1964). Public figures can be either "general purpose," meaning someone with such pervasive

10

fame or notoriety that they are a public figure for all purposes and in all contexts, or "limited purpose." *Gertz v. Welch*, 418 U.S. 323, 351 (1974). A limited purpose public figure is one who "voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Id*.

Defendant provides the Court with evidence purporting to show that Plaintiff is a limited purpose public figure – this includes eighty pages of exhibits such as an article from The Salt Lake Tribune, alleged screenshots of Plaintiff's website, and screenshots from an unspecified Facebook group. Doc. 4 at 74-154. [6] But it would be improper for the Court to take judicial notice of such exhibits on a motion to dismiss because these articles and webpages are not referenced in the complaint and are not matters of public record. This leaves only Plaintiff's allegation in the complaint that multiple people identified her from Defendant's podcast. This could serve as evidence that Plaintiff was a public figure. It could also serve as evidence that Defendant's description of Plaintiff was very specific and the audience contained one or more of Plaintiff's friends. At this stage, the Court must draw all reasonable inferences in Plaintiff's favor, and therefore cannot conclude based on the limited evidence available that Plaintiff was a public figure. Therefore, all of Plaintiff's defamation claims are sufficiently pled at this stage and are not subject to dismissal under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied. Defendant shall file her answer by June 25, 2025.

---

[6] To the extent Defendant argues that Plaintiff is also a general purpose figure, the Court finds that this argument unpersuasive. *See Jacobson v. CBS Broad., Inc.*, 19 N.E.3d 1165, 1175 (Ill. App. Ct. 2014) (explaining that general purpose public figures are "individuals who have achieved such pervasive fame or notoriety that they become a public figure for all purposes and in all contexts. Designation in this category is not lightly given; it should not be premised merely upon some degree of participation in community or professional affairs.").

Dated: June 4, 2025

_____
APRIL M. PERRY
United States District Judge