**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jennifer Finlayson-Fife, | Case No: 24-cv-2452 |
| Plaintiff/Counter-Defendant, | **JURY TRIAL DEMANDED** |
| v. | |
| Meredith Weber, | |
| Defendant/Counter-Plaintiff. | |

**Meredith Weber's Response to Jennifer Finlayson-Fife's Motion to Dismiss
Counterclaims Pursuant to Rule 12(b)(6)**

Defendant/Counter-Plaintiff, Meredith Weber ("Ms. Weber"), by and
through counsel, Patterson Law Firm, LLC, and for her Response to
Plaintiff/Counter-Defendant, Jennifer Finlayson-Fife's ("JFF") Motion to
Dismiss Ms. Weber's Counterclaims pursuant to Federal Rule of Civil
Procedure 12(b)(6), states as follows:

**Summary of Response**

JFF filed her Motion to Dismiss Ms. Weber's Counterclaims for
Declaratory Judgment, Reformation and Breach of Contract on August
27, 2025. JFF's Motion should be denied for the following reasons: (1)
the Illinois Workplace Transparency Act applies to the Settlement
Agreement as the parties had an employer-employee relationship and the
Agreement was entered into after the IWTA went into effect; (2) Ms.
Weber is entitled to reformation of the Settlement Agreement due to
mutual mistake, as Ms. Weber required that, as a condition of settlement

she be permitted to do advocacy work and this was attempted to be included in the Settlement Agreement; and (3) the dispute resolution provision in the Settlement Agreement is mandatory, not permissive. Therefore, JFF's Motion to Dismiss Ms. Weber's Counterclaims should be denied.

## Standard

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the claimant. *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 668 (N.D. Ill. 2005). Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the party can prove no set of facts in support of her claim which would entitle her to relief. *Id.*

## Argument

**I. Dismissal of Count I must be denied as the Illinois Workplace Transparency Act applies to the Settlement Agreement, and the Agreement is void against public policy under the Act as it would bar Ms. Weber's reporting rights, ability to make truthful statements and disclosures, and ability to bring claims regarding unlawful employment practices.**

The Illinois Workplace Transparency Act ("IWTA"), 820 ILCS 96/1-1, *et seq.*, applies to the Settlement Agreement as the parties were in an employer-employee relationship and the contract was entered into after the IWTA became effective. 820 ILCS 96/1-10(c). As acknowledged by the Court in its June 4, 2025 Opinion [Dkt. 17], Ms. Weber's underlying Cook County Complaint contained allegations of an employer-employee

2

relationship. Therefore, even though Ms. Weber did not bring employment claims in the underlying Cook County lawsuit, the IWTA applies to the parties' Settlement Agreement due to the parties' employer-employee relationship, to the extent that Ms. Weber's reporting rights, ability to make truthful statements regarding unlawful employment practices, and ability to bring claims for such conduct and practices cannot be waived or released.

The IWTA provides time-based rights under Section 1-30 of the Act, including that the former employee is given 21 calendar days to consider the agreement before execution, and has 7 calendar days following execution to revoke the agreement. 820 ILCS 96/1-30. Failure to comply with the IWTA "shall render any promise of confidentiality related to alleged unlawful employment practices against public policy void and severable from an otherwise valid and enforceable agreement." 820 ILCS 96/1-30(c). Therefore, there could be no confidentiality agreement without Ms. Weber having been provided with these rights.

The arguments posed by Plaintiff are straw men. Of course, a medical malpractice plaintiff in a conventional medical malpractice suit does not have an employment relationship, and the IWTA is inapplicable. However, when there was an undisputed employment relationship, mentioned in the complaint, and the release purports to release the employment claims, then the IWTA applies. To the extent the IWTA is

inapplicable, then a finding that the employment-based claims are not released is proper.

In JFF's Memorandum in Support of her Motion to Dismiss, JFF argues that "the plain language of the release, while intended to be broad, contemplates the type of lawsuit being settled – a medical malpractice suit – which is why it includes terms such as 'personal injury protection,' 'med pay,' and 'wrongful death.' The provision does not even mention employer-employee issues or any statutes that regulate employer-employee disputes. *A plain language reading of the Settlement Agreement would find that it was not applicable to an employer-employee dispute,* and therefore, does not trigger the IWTA." JFF's Memorandum, p. 4 (italics added). If JFF is admitting that Ms. Weber's claims for unlawful employment practices are not barred by the broad waiver and general release in the Settlement Agreement, then Ms. Weber will bring her employment-based claims.

However, the language in the Settlement Agreement's release and waiver constitutes a general release which would bar any and all of Ms. Weber's claims, including those for unlawful employment practices.[1] It is

---

[1] The Settlement Agreement states that Ms. Weber releases JFF and her associated entities from "any and all, and to the broadest extent allowed by law, claims, actions, causes of action, demands, rights, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, liens, med pay, personal injury protection, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, expenses, compensation, rights, attorney fees, costs, loss of services, wrongful death, expenses, compensation and

4

likely that if Ms. Weber were to file her claims for unlawful employment practices, JFF would argue for dismissal of those claims on the basis that they were waived and released under the Settlement Agreement's general release. And, if Ms. Weber were to make truthful statements or disclosures about alleged unlawful employment practices, or report unlawful employment conduct or practices to relevant authorities, JFF would likely argue breach of the Settlement Agreement's confidentiality and non-disparagement provisions. To the extent that the Court finds that employment practices are not implicated by the Settlement Agreement, then the Court should also find that Ms. Weber may so report.

Notably, the IWTA provides such agreements that prevent the employee from making truthful statements and disclosures about alleged unlawful employment practices, or deny the employee the ability to report such conduct and practices to relevant authorities, render the agreement against public policy, and void to the extent the agreement prevents such statements and disclosures or denies rights or remedies related to the unlawful employment practices, and is severable from an otherwise valid agreement. 820 ILCS 96/1-20, 25; *see also Corral v. Pooh Bah Enterprises, Inc.,* No. 1:23-CV-01603, 2025 LX 318003, at *27-28

---

damages whatsoever . . .". Ex. A to Ms. Weber's Counterclaim, pg. 1, ¶ 1. Thus, this clause would prevent Ms. Weber from pursuing claims for unlawful employment practices against JFF.

(N.D. Ill. Aug. 11, 2025) (finding that employees' class-action waivers would waive or otherwise diminish any existing or future claim, right, or benefit, and were void under the IWTA to the extent they denied a substantive or procedural right or remedy). This is precisely why Ms. Weber is seeking a declaratory judgment that the terms of the Settlement Agreement are against public policy, void, and severable to the extent that the Settlement Agreement bars claims for unlawful employment conduct and practices, the ability to make truthful statements and disclosures about the unlawful employment practices, and the ability to report unlawful employment practices as enumerated in 820 ILCS 96/1-25. The question of whether sufficient time was actually provided to Ms. Weber to make the confidentiality agreement valid is an issue of fact not subject to resolution on a motion to dismiss. As such, this provides another basis to deny JFF's Motion. As Count I sufficiently states a cause of action for declaratory judgment, JFF's Motion to Dismiss should be denied.

## II. Count II for Reformation of the Settlement Agreement adequately alleges mutual mistake, so JFF's Motion to Dismiss should be denied.

Ms. Weber's counterclaim alleges that Ms. Weber desired to pursue advocacy work on behalf of therapy abuse victims, provided she did not name JFF, and required permission to do so be a condition of the settlement agreement. Counterclaim, ¶41. During settlement discussions, this permission was attempted to be included in the Settlement Agreement. Counterclaim, ¶ 42. However, due to the

6

inarticulate language in the Settlement Agreement, the Settlement Agreement fails to clearly articulate the parameters of this ability. Counterclaim, ¶ 43. As JFF cites, "Reformation is available when the parties, having reached an agreement and having then attempted to reduce it to writing, fail to express it correctly in the writing." *Indiana Ins. Co. v. Pana Community Unit School Dist. No. 8*, 314 F.3d 895, 903-04 (7th Cir. 2002). Reformation is appropriate when "an actual understanding has been reached by the parties, but through some error, their written contract does not express their actual understanding." *Wheeler-Dealer, Ltd. v. Christ*, 379 Ill. App. 3d 864, 871. Such is the case here.

JFF contends there was no mistake as the carve out for advocacy work was not included in the Settlement Agreement and there was a merger clause. However, the Parties had a mutual understanding that Ms. Weber was going to do advocacy work without naming JFF, and this provision was discussed and attempted to be included, but by mistake was not included in the final Settlement Agreement. JFF contends that permitting Ms. Weber to "'tell her story' is contrary to the entire purpose of the Settlement Agreement" due to the detailed confidentiality and non-disparagement provisions. JFF's Memorandum, p. 6. The purpose of the Settlement Agreement was for JFF to avoid a lawsuit where she would face a trial by jury for Ms. Weber's therapy abuse claims. If the entire purpose of the settlement was confidentiality, that is contradicted by JFF filing this suit publicly. JFF is trying to contradict the well-pled

7

allegations of the counterclaim, which is improper under a Rule 12(b)(6) motion. At the very least, there is a factual dispute surrounding the existence of mutual mistake, and because dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that Ms. Weber can prove no set of facts in support of her claim which would entitle her to relief, dismissal is inappropriate and JFF's Motion should be denied.

**III. JFF failed to pursue the dispute resolution provisions in the Settlement Agreement, thus breaching the Settlement Agreement because the provision is mandatory, so JFF's Motion to Dismiss should be denied.**

JFF argues that the dispute resolution provision in the Settlement Agreement "is permissive, not mandatory, as it begins with "***if*** a Mediator... finds her liable...". Ex. A to Ms. Weber's Counterclaims, ¶ 7 (emphasis added). However, that very same sentence continues with "RELEASOR ***will*** propose four possible mediators, each in the Chicago area, and RELEASEE ***will*** choose one of the four mediators". *Id.* (emphasis added). While a term such as "may" is a permissive term, the word "will" is mandatory. *Ardagh Metal Packaging USA Corp. v. American CRAFT Brewery, LLC*, 718 F. Supp. 3d 871, 885 (N.D. Ill. 2024). Furthermore, "[a] contract should be construed, wherever possible, in such a way as to reconcile and give effect to all of its provisions." *Id.* (internal citations omitted). Giving effect to all of the Settlement Agreement's provisions, it would be nonsensical to devote an entire paragraph to setting mediation as the dispute resolution method for any breach of confidentiality or disparagement, and to require Releasor to

choose four mediators and Releasee to select one of the four mediators, if mediation was not mandatory. No other dispute resolution method is listed. Furthermore, as it is clearly JFF's preference to maintain confidentiality, it is logical to assume the mediation provision was intended to be mandatory so as to keep the matter confidential.

Additionally, JFF admits that "the language triggers a liquidated damages provision 'if' a mediation occurs." JFF's Memorandum, p. 7. However, JFF is seeking liquidated damages in this case despite not going to mediation. To be clear, the provision states "if a Mediator… finds her liable… RELEASEES shall be entitled to receive an appropriate monetary amount in liquidated damages from RELEASOR, in the amount of Fifty Thousand Dollars ($50,000.00), plus attorney's fees and/or costs that are incurred in collecting said liquidated damages." Ex. A to Ms. Weber's Counterclaims, ¶ 7. Because JFF chose not to initiate mediation, she is not entitled to liquidated damages, attorneys' fees, or costs. As the dispute resolution provision was mandatory and JFF failed to initiate mediation, JFF breached the Settlement Agreement's terms. There is no dispute that the liquidated damages and attorneys' fees are *only* available through the dispute resolution process. To the extent JFF is seeking those, which she contends she is, it is wholly proper for Ms. Weber to bring this claim. Therefore, Ms. Weber's Counterclaim adequately stated a claim for breach of contract and JFF's Motion to Dismiss should be denied.

**Conclusion**

For the reasons herein, Defendant/Counter-Plaintiff Meredith Weber respectfully requests that this Court deny Plaintiff/Counter-Defendant Jennifer Finlayson-Fife's Motion to Dismiss her Counterclaims, and for any further relief as the Court deems just under the circumstances.

Dated: September 18, 2025      Respectfully submitted,

/s/Michael D. Haeberle
Michael D. Haeberle (6309164)
Kaitlyn Harris-Hertel (6345639)
Patterson Law Firm, LLC
200 W. Monroe, Ste. 2025
Chicago, IL 60606
(312) 223-1699
Fax: (312) 223-8549
mhaeberle@pattersonlawfirm.com
kharris-hertel@pattersonlawfirm.com
smarte@pattersonlawfirm.com
*Attorneys for Defendant/Counter-Plaintiff, Meredith Weber*

**Certificate of Service**

To:    Steven P. Mandell
Bryan G. Lesser
MANDELL MENKES LLC
333 W. Wacker Drive, Suite 450
Chicago, IL 60606
Smandell@Mandellmenkes.Com
Blesser@Mandellmenkes.Com

The undersigned hereby certifies that on **September 18, 2025**, a true and correct copy of **Meredith Weber's Response to Jennifer Finlayson-Fife's Motion to Dismiss Counterclaims Pursuant to Rule 12(b)(6)** was filed using the Court's ECF system, which provided electronic notice to all counsel of record.

/s/ Michael Haeberle

11