IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER FINLAYSON-FIFE, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No.: 24-cv-2452 |
| | ) | |
| v. | ) | Hon. April Perry |
| | ) | |
| MEREDITH WEBER, | ) | |
| | ) | |
| *Defendant*. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO DISMISS COUNTERCLAIMS**

Plaintiff Jennifer Finlayson-Fife ("JFF") submits this reply in support of her motion to dismiss the counterclaims filed by Defendant Meredith Weber ("Weber").

**ARGUMENT**

Weber's Counterclaim and Response are just another attempt to throw mud at Dr. Finlayson-Fife, defame her, and disparage her reputation. Dr. Finlayson-Fife paid Weber a significant settlement sum in exchange for a full release, total confidentiality, and freedom from disparagement. The confidentiality provisions are extremely broad, protecting not only JFF's name, but also her title, geographic location, and other identifying characteristics. The only exceptions to confidentiality were for Weber's family and religious advisors. Weber now seeks to create a loophole through which she can violate the Settlement Agreement at will in the name of "advocacy." Weber also seems fixated on "unlawful employment practices," despite the fact that she never brought any employment based claims against JFF. Weber is trying to bring in extraneous details to cloud the issue, but the Court should recognize that these allegations have little to no bearing on the fact that Weber violated the Settlement Agreement's confidentiality and non-disparagement provisions when she broadcasted heinous allegations on a podcast.

The Illinois Workplace Transparency Act does not void the confidentiality or non-disparagement provisions of the Settlement Agreement because the IWTA does not apply to the medical malpractice suit, and even if it did, the IWTA was not violated. Weber has failed to plead any facts that the parties agreed she would be entitled to "tell her story," or perform "advocacy" work, and the allegations of mutual mistake are not plausible because it would be contrary to the language of the Settlement Agreement. Lastly, the mediation clause in the Settlement Agreement was permissive, not mandatory. Accordingly, Weber's Counterclaim fails to state any grounds upon which relief can be granted and should be dismissed.

I. **THE IWTA IS INAPPLICABLE BECAUSE THE SETTLEMENT WAS A MEDICAL MALPRACTICE SUIT, NOT AN EMPLOYMENT LAWSUIT**

Weber's request for a declaratory judgment pursuant to the IWTA was already considered and rejected by the Court. Doc. 17, p. 9 -10. Weber admits that she "did not bring employment claims in the underlying Cook County lawsuit." Resp. p. 3. Because the Cook County lawsuit was not an employment claim, the IWTA does not apply.

Weber argues that the IWTA voids the Settlement Agreement because the Settlement Agreement bars claims for unlawful employment practices and the ability to report unlawful employment practices. Resp. p. 6. For this proposition, Weber cites 820 ILCS 96/1-25, however, that section only applies to agreements providing a "unilateral condition of employment or continued employment." 820 ILCS 96/1-25. That section of the IWTA applies where a contract provides that the employee can continue to work there if the employee agrees to a confidentiality provision. That is far from the case here, where the Settlement Agreement did not discuss, refer to, or even contemplate Weber continuing to work for JFF - or ever working for JFF.

Weber also relies on 820 ILCS 96/1-20, but that section only applies to reporting "unlawful conduct to federal, State, or local officials for investigation." 820 ILCS 96/1-20. The

1

Settlement Agreement does not forbid Weber from reporting to government officials. This lawsuit is about Weber making public statements on a podcast. Again, nothing in the IWTA voids the Settlement Agreement's confidentiality and non-disparagement provisions.

Even if the IWTA applied, Weber would not be entitled to void the confidentiality provision. The right to revoke within 7 days of execution, (820 ILCS 96/1-30(a)(6)), is not required to be spelled out in the agreement, and Weber's interpretation is contrary to the express language of the IWTA because it would give her the right to revoke at will years after execution (which she is attempting here). As this Court already found, "The IWTA does require that certain terms of settlement agreements be explicit, but the time periods for review and revocation are not among them." Doc. 17, p. 9-10. Weber's attempt to re-litigate this issue is frivolous, and she has not stated a claim upon which relief can be granted in Count I.

II. **THERE WAS NO MUTUAL MISTAKE – THE PARTIES AGREED TO CONFIDENTIALITY AND NON-DISPAGEMENT, NOT THAT WEBER COULD PUBLICLY TELL HER STORY**

Weber asserts, "the Parties had a mutual understanding that Ms. Weber was going to do advocacy work without naming JFF" and that this allegation creates a factual dispute precluding a motion to dismiss. Resp. p. 7-8. However, this is exactly the type of "naked assertions devoid of further factual enhancement," that subject a pleading to a 12(b)(6) motion. See *Taha v. International Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (citations and quotations omitted).

Weber has not pled any facts that would plausibly entitle her to reform the Settlement Agreement. Weber has not identified any communications purporting to show the parties "mutual understanding" that she was entitled to "advocacy work" or to "tell her story." She has

2

not identified who made these representations, when, or how they were agreed. Weber's naked assertion that this mutual understanding existed is not sufficient.

Further, it is not plausible that the Parties had such a mutual agreement because it is contradicted by the plain language of the Settlement Agreement. In the Settlement Agreement, there is no mention of Weber being entitled to advocacy work or to tell her story. To the contrary, there are detailed confidentiality and non-disparagement provisions, as well as a merger clause. The only exceptions allowed Weber to discuss the confidential matter with her family and religious advisors – not the public. Moreover, Weber was represented by counsel in the drafting of the Settlement Agreement, which strongly suggests that there was no mistake in the drafting of the Settlement Agreement. Therefore, Weber has failed to state a claim for reformation based on mutual mistake and Count II should be dismissed with prejudice.

### III. THE DISPUTE RESOLUTION PROVISION WAS NOT MANDATORY AND THEREFORE, WAS NOT A BREACH OF CONTRACT

The mediation clause is permissive, not mandatory. The Settlement Agreement states, "***if*** a Mediator (RELEASOR will propose four possible mediators, each in the Chicago area, and RELEASEES will choose one of the four mediators) finds her liable…" Doc. 25, p. 24 ¶ 7 (emphasis added). Weber relies on the word "will" above to argue it is mandatory. Resp. p. 8. However, the plain language provides a mandatory procedure for selecting a mediator "if" the mediation is elected.[1] Because the language was permissive, JFF did not breach the Settlement Agreement by filing suit in court and Count III should be dismissed with prejudice.

---

[1] Weber also takes issue with the liquidated damages provision. Resp. p. 9. While it is irrelevant as to whether the mediation is mandatory or permissive, JFF maintains that the liquidated damages provision is a reasonable benchmark for the court to assess reputational damages which are notoriously difficult to quantify.

3

**CONCLUSION**

For the foregoing reasons, Plaintiff Jennifer Finlayson-Fife respectfully requests that the Court dismiss Meredith Weber's counterclaims with prejudice, and for any other relief this Court deems just.

                Respectfully Submitted,

                Jennifer Finlayson-Fife

                /s/ Steven P. Mandell
                One of Plaintiff's Attorneys

Steven P. Mandell
Bryan G. Lesser
Mandell Menkes LLC
1 N. Franklin Street, Suite 900
Chicago, IL 60606
Telephone: 312-251-1000
Firm No. 38081
Email: smandell@mandellmenkes.com
       blesser@mandellmenkes.com

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document has been served on September 29, 2025 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

/s/ Steven P. Mandell